NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3063

TAMMY L. NOWAK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 2, 2006

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

ARCHER, Senior Circuit Judge.

Tammy L. Nowak ("Nowak") appeals the Merit Systems Protection Board's ("Board") decision dismissing for lack of jurisdiction her appeal of her separation from the Department of the Army ("agency") through reduction-in-force ("RIF") procedures. Nowak v. Dep't of the Army, No. SF-0351-04-0829-I-1 (M.S.P.B. Mar. 9, 2005). Because Nowak is covered by a collective bargaining agreement that does not specifically exclude RIF actions, we affirm.[1]

---

[1]    While Nowak did not specifically allege violations of either the Veterans Employment Opportunities Act ("VEOA") or the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the administrative judge ("AJ") addressed the possible application of both statutes to her appeal.  The AJ concluded that neither statute gave the Board jurisdiction over Nowak's appeal.  In Nowak's petition for review to the full Board, Nowak makes it clear that she is not seeking a claim under USERRA or VEOA: "[n]ot withstanding USDOL, USEREA [sic], VEOA, all of which did not have

I

Nowak was employed by the agency as a Boiler Plant Operator, WB-5402-09, at Fort Richardson, Alaska when, effective August 21, 2004, she was separated by RIF. Nowak appealed this separation to the Board. In an initial decision, the AJ concluded that the Board lacked jurisdiction to hear Nowak's claim because she was covered by a collective bargaining agreement that did not specifically exclude RIF actions from its exclusive grievance procedures. Id. at *2. The full Board denied Nowak's petition for review, and the AJ's initial decision became final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

Whether the Board erred in dismissing an appeal for lack of jurisdiction presents a question of law that we review de novo. See Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

Nowak argues that the Board has jurisdiction based on 5 C.F.R. § 351.901, which states "[a]n employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board." 5 C.F.R. § 351.901 (2004). The right to appeal to the Board set forth in § 351.901, however, is affected if the employee is covered by a collective bargaining agreement.

Section 7121 of Title 5 of the United States Code explains that a "collective bargaining agreement shall provide procedures for the settlement of grievances" and that with exceptions not relevant to this case, these "procedures shall be the exclusive

authority to grant the remedy sought. Nor are they appropriate venue for the main issue. Bad RIF."

06-3063                                    2

administrative procedures for resolving grievances falling within [the agreement's] coverage." 5 U.S.C. § 7121(a)(1) (2000). Section 7121 also states that a collective bargaining agreement "may exclude any matter from the application of the grievance procedures which are provided for in the agreement." Id. § 7121(a)(2).

The CBA involved here excludes certain types of disputes. RIF actions, however, are not listed among those specifically excluded. Accordingly, RIF actions brought by employees subject to this collective bargaining agreement must proceed under the alternative dispute resolution process set forth in the agreement; they may not be appealed to the Board. Therefore, the AJ did not err in dismissing Nowak's appeal for lack of jurisdiction. [2] See Bonner v. Merit Sys. Prot. Bd., 781 F.2d 202, 206 (Fed. Cir. 1986) (holding that a RIF action was included in the negotiated grievance procedure under the collective bargaining agreement and consequently there was no jurisdiction before the Board).

---

[2] Nowak submitted a motion for oral argument via phone which was denied on April 24, 2006. Contained in this motion is a statement suggesting that Nowak was never informed that the collective bargaining agreement's grievance procedures were the only procedures available to her for grievances not specifically excluded by the agreement. This is the first time this argument was raised before us, and it appears to never have been raised before the Board, where Nowak was represented by a non-attorney representative. Accordingly, this issue is not properly before us. We note, however, that in the AJ's initial decision she stated "[i]t is undisputed that . . . appellant was covered by a collective bargaining agreement which covered reductions in force, and which did not exclude RIF actions from its exclusive grievance procedures." Nowak, slip op. at 2. Nowak did not challenge this statement in her petition for review.